UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Miguelina T.,<br><br>           Plaintiff,<br><br>v.<br><br>Frank Bisignano Commissioner of Social Security,<br><br>           Defendant. | Civil No. 3:24-CV-01536 (VDO)<br><br><br>June 22, 2026 |

**RULING ON PLAINTIFF'S MOTION FOR AUTHORIZATION OF
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

Pending before this Court is Plaintiff's Motion for Authorization of Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). ECF. No. 21. Defendant, Commissioner of Social Security ("Commissioner") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 24. For the reasons that follow, the Plaintiff's Motion is GRANTED in part and DENIED in part. ECF No. 21.

## I.  PROCEDURAL BACKGROUND

Attorney Brian Konoski has represented Plaintiff since August 2024. *See* ECF No. 21-2, Ex. B. Plaintiff and Attorney Konoski entered into a contingency fee agreement whereby counsel would receive a fee in the amount of twenty-five percent of the past-due benefits awarded. ECF No. 21-2, Ex. B.

Plaintiff filed an application for Social Security Disability and Social Security Income benefits. ECF No. 1 at 2. On January 24, 2024, an Administrative Law Judge denied Plaintiff's applications for disability benefits. *Id.* On July 22, 2024, the Appeals Council denied Plaintiff's request for review. *Id.*

On September 25, 2024, counsel commenced an action on behalf of Plaintiff pursuant to 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383(c)(3) seeking to review the decision of the Commissioner. *Torres v. Commissioner of Social Security*, 3:24-cv-01356-VDO, ECF No. 1 (D. Conn. Sept. 25, 2024). The Administrative Record was filed on November 25, 2024. ECF No. 13. On December 3, 2024, Defendant filed a consent Motion

to Remand to the Agency under Sentence Four of 42 U.S.C. § 405(g). ECF No. 16. On December 5, 2024, this Court entered a Judgment in accordance with the parties' stipulation for a remand. ECF No. 18.

Subsequent to the entry of judgment, Plaintiff's counsel made a request to the Commissioner for EAJA fees in the amount of $1,245 to be paid to Plaintiff's counsel. ECF. 19. The Court approved the parties' Joint Stipulation for EAJA fees in the amount of $1,245. ECF No. 20. After the remand, an ALJ issued a favorable decision finding Plaintiff disabled. ECF No. 21 at 2.

## II.    TIMELINESS OF THE MOTION

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

On December 24, 2025, the Administration issued a Notice of Award ("NOA"), advising that it was withholding twenty-five percent of the total past-due benefits, or $22,402.75, for the satisfaction of attorney's fees pursuant to Section 406(b) of the Act. ECF No. 31-1, Ex. A. On March 1, 2026, the Administration issued three (3) auxiliary NOA letters indication that $3,730, or a total of $11,190.00 had been withheld from each of Plaintiff's children's backpay. This resulted in a total pool of $33,592.75 in withheld backpay earmarked for payment of attorney's fees. *See* ECF NO. 21, Ex. A-1-A-4 (NOA letters).

Plaintiff's counsel received the final NOA letters from Plaintiff's administrative level counsel on May 15, 2026.[1] ECF No. 21, at 3. Plaintiff filed this Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees on May 29, 2026. Accordingly, the Motion for Approval of 42 U.S.C. § 406(b) Attorney's Fees was timely filed.

## III.    THE REASONABLENESS OF THE REQUESTED FEE.

Section 406(b) provides, in relevant part, as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its

---

[1]    Plaintiff's counsel did not represent Plaintiff at the administrative level. Defendant raised no objection on the basis of timeliness in its responsive pleading.

judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed twenty-five percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than twenty-five percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $10,200.00, which is below the 25 percent statutory cap of Plaintiff's past-due benefits.[2] ECF No. 24 (reply brief amending the Motion for Attorney's Fees for a total of $10,200). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. ECF No. 21, Ex. B. Counsel's law firm provided effective representation of Plaintiff's interests since August 2022, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claims was uncertain as demonstrated by the denial of her applications at the agency level. Accordingly, the 5.8 hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $3,000 for 3.3 hours in attorney time totaling $9,900 in attorney's fees. ECF No. 26 at 1-2. The firm's billing records show that Attorney Konoski billed 2.5 hours on August 12, 2024, to review the file "to determine whether to accept the case" for $628.13 in attorney's fees, and on December 3, 2024, he billed another .9 hours to "[p]repare [a] settlement packet and email to resolve EAJA fees" for $201 in fees. *Id.* Attorney's fees on the billing records total $829.13. The time sheet also includes $300 for paralegal time to prepare the complaint, civil coversheet and *pro hac vice* motion (2.5 hours at an hourly rate of $120) and costs and fees in the amount of $405 (filing fee) and a $200 fee for the *pro hac vice* motion. *Id.* The firm's billing record totaled $1,734.13, in costs and fees.

The Court finds that the *de facto* hourly rate, and the overall requested attorneys' fees amount, constitutes a windfall. *See also Fields v. Kijakazi*, 24 F.4 th 845, 856 (2d Cir. 2022) ("A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern really is about."). Here, Attorney Konoski's minimal efforts resulted in obtaining a "Sentence Four" remand and ultimately a favorable ruling by the ALJ awarding a retroactive benefit as of October 4, 2021. ECF No.21-2, Ex. A. However, the effective hourly rate of $3,000 is not within the range of other Section §

---

[2]    In the Motion for Authorization of Attorney's Fees Plaintiff initially moved for an award of attorney's fees in the amount of $19,837.75. ECF No. 21. On June 12, 2026, Plaintiff filed a reply brief amending the motion for fees to request an award of $10,200. ECF No. 26.

406(b) fee awards approved in this Circuit. *See e.g.*, *Fields,* 24 F.4th at 854-56 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301 (MEG), 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute a "windfall" to counsel); *Woods v. Bisignano*, No. 3:22-CV-00594 (VAB), 2025 WL 1735241, at *3 (D. Conn. June 23, 2025) (finding that a *de facto* hourly rate of $572.71 is consistent with attorney's fees routinely awarded in this Circuit.) (collecting cases); *W. v. Bisignano*, No. 3:24-CV-01880 (VDO)(MEG), 2026 WL 1396356, at *3 (D. Conn. May 19, 2026) (a *de facto* hourly rate of $509.60 does not constitute a windfall).

Plaintiff argues that a $3,000 *de facto* hourly rate for counsel is reasonable. ECF No. 26 at 3 (citing *Kazanjian v. Astrue*, No. 09-cv-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2021) (awarding a *de facto* hourly rate of $2,100 for 19.75 hours of work at the district court level). The Court disagrees. Here, the only substantive work that Attorney Konoski performed in the district court was a review of the file to determine whether to represent Plaintiff and the preparation of a settlement packet and email to resolve EAJA fees. ECF No. 21-2, Ex. C; *see Kazanjian,* 2011 WL 2847439, at *2 (discussing a case where the Judge reduced the maximum 25% contingent fee to 12.5% because "the only substantive work that the attorney performed in the district court in that case was the issuance of a boilerplate complaint and the execution of a stipulation of remand that the Commissioner had prepared."). Moreover, the stipulation of remand was prepared and filed by the Commissioner. ECF No. 16. Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,500 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitably uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (quotation marks omitted). The Court awards a total fee pursuant to 42 U.S.C. § 406(b) of $5,855,

representing $4,950 in attorney's fees (3.3 hours at a rate of $1,500); $300 in paralegal fees and $605 in costs and fees.

The Court also notes that counsel is required to return the previously awarded EAJA fee of $1,245 to Plaintiff.  ECF. No. 21-3. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b), (ECF No. 21) is granted in part and denied in part, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $5,855 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $1,245 to Plaintiff and certify the refund to the Court within fourteen days of the transaction.  The Court also notes that Plaintiff's counsel has waived his right to charge and collect a fee under Section 206(a) of the Social Security Act for work performed at the agency level.

This is not a Recommended Ruling. This is an order regarding attorney's fees which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made. *See Vainwright v. Berryhill*, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017)(ruling on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)).

/s/ Maria E. Garcia, USMJ
Hon. Maria E. Garcia
United States Magistrate Judge